UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DERREK LAMAR PRITCHARD,

      Petitioner,

v.                                             Case No: 5:19-cv-552-Oc-33PRL

WARDEN, FCC COLEMAN – MEDIUM,

      Respondent.

_____

ORDER DISMISSING CASE

Derrek Pritchard, *pro se*, is a federal inmate who initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  Mr. Pritchard challenges the validity of his sentence under the Armed Career Criminal Act (ACCA).  *Id.*  Mr. Pritchard challenges both his predicate crimes of violence and serious drug offenses.  *Id.*  He also seeks relief pursuant to *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.").

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The "savings clause" of § 2255(e) permits a federal prisoner to challenge his sentence pursuant to § 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  The petitioner bears the burden of demonstrating that a § 2255 motion is "inadequate or ineffective."  *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*).

The United States Court of Appeals for the Eleventh Circuit has held that 28 U.S.C. § 2241 is not available to challenge the validity of a sentence except on very narrow grounds. *McCarthan,* 851 F.3d at 1079. "*McCarthan* gave three examples of when a motion to vacate would be an

inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate.  If a prisoner's claim falls into these categories, he may file a § 2241 habeas petition under the saving clause in § 2255(e). However, if a prisoner's claim merely challenges 'the validity of his sentence,' he cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Williams v. Warden, FCC Coleman*, 2020 WL 773016, at *2 (11th Cir. Feb. 18, 2020) (internal citations omitted).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings.  In the present case, the Court does not have subject matter jurisdiction over Mr. Pritchard's claims because he is not entitled to pursue relief under § 2241.  Mr. Pritchard challenges the validity of his sentence, not the execution of his sentence, and therefore he cannot avail himself of the savings clause of § 2255(e).[1]

Thus, pursuant to Fed. R. Civ. P. 12(h)(3), this case is DISMISSED for lack of jurisdiction. *See also* 28 U.S.C. § 2255(b); Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief).  The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE AND ORDERED at Ocala, Florida, on May 8, 2020.

---

[1] A review of the docket for the Eleventh Circuit Court of Appeals shows that Petitioner has not sought permission to file a second or successive § 2255 motion under *Rehaif*.

2

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Derrek Pritchard *pro se*